# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| SANDRA D. VANBOGART,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | No. C08-3051-PAZ<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

_____

This matter is before the court for judicial review of the defendant's decision denying the plaintiff's application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq*. On March 10, 2004, the plaintiff Sandra D. Vanbogart filed an application for benefits, claiming a disability onset date of June 6, 2000. Her claim was denied initially and on reconsideration. On July 26, 2006, Vanbogart's claim was heard by an Administrative Law Judge ("ALJ"). On March 20, 2007, the ALJ issued a decision finding that Vanbogart was not disabled on or before December 31, 2005, her last insured date.

Vanbogart filed a timely Complaint in this court seeking judicial review of the ALJ's ruling. She argues the ALJ erred in his application of the credibility standards of *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984), and in basing his decision on a hypothetical question that was not supported by substantial evidence. *See* Doc. No. 9.

On October 28, 2008, with the parties' consent, Judge Mark W. Bennett transferred the case to the undersigned for final disposition and entry of judgment. The parties have briefed the issues, and the matter is now fully submitted and ready for review. The court has reviewed the record and the parties' briefs, and finds as follows.

Vanbogart was born in 1971, and has worked as a cashier, home heath worker, nurse's aid, pizza maker/delivery driver, prison guard, sales clerk, teacher associate, and telemarketer. She has had back problems, but acknowledges this has not keep her from

working. However, she also suffers from severe and frequent migraine headaches. She claims that excessive absenteeism caused by these headaches precludes her from all employment. The Commissioner responds by arguing the severity of symptoms described by Vanbogart is not supported by substantial evidence in the record.

The ALJ found that Vanbogart's subjective complaints of headache pain were not credible, and he concluded she is able to perform her past relevant work as a telemarketer, as well as a number of other semi-skilled, sedentary jobs identified by a Vocational Expert ("VE") in response to a hypothetical question posed at the ALJ hearing. Vanbogart points out that the ALJ's hypothetical question did not include a restriction for excessive absenteeism. When the VE was asked about the effect of Vanbogart's missing work three days or more each month because of migraine headaches, the VE testified there would be no jobs she could perform.

The central question in this case is whether substantial evidence supports the ALJ's finding that Vanbogart's headaches were not disabling. Specifically, the question is whether the record supports a finding that Vanbogart's migraine headaches would not have caused her to miss work for three days or more each month. If substantial evidence supports this finding, then Vanbogart is not disabled for purposes of the Social Security Act. If substantial evidence does not support this finding, Vanbogart is entitled to disability benefits in some amount.

To decide this question, the court must determine whether the ALJ's factual findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *Page v. Astrue*, 484 F.3d 1040, 1042 (8th Cir. 2007) (citations omitted). This is a deferential review in which the court considers the record in its entirety to determine whether a reasonable mind would find the evidence adequate to support the Commissioner's conclusion. *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002) (citations omitted); *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006).

The medical records establish that Vanbogart has a long history of serious, debilitating migraine headaches. This is borne out by repeated visits to emergency rooms

and treating physicians. Vanbogart testified she has had these headaches since she was 18 years old, but they have become more severe in recent years. She testified that by July 2004, she was having migraine headaches nearly every day, and they were so severe she no longer could engage in competitive employment. R. 688-89. The medical records support this testimony, and none of the *Polaski* factors detracts from it. For example, the fact that Vanbogart can engage in many normal daily activities when she is not having a migraine headache, a factor relied on by the ALJ to discount her testimony, is not relevant to her inability to work when she is having a migraine headache. Further, merely because a claimant is able to perform some of the functions of everyday living does not mean the claimant may not be disabled. *See Cline v. Sullivan*, 939 F.2d 560, 566 (8th Cir. 1991) (citing *Thomas v. Sullivan*, 876 F.2d 666, 669 (8th Cir. 1989)).

The ALJ points out that many of Vanbogart's headaches seem to have been triggered by stress. The court fails to see how this fact makes the headaches any less disabling. This is not a case where situational stress resulted in functional limitations that would disappear once the stressor was removed. The stress precipitating Vanbogart's headaches is the continuing stress of her ordinary life.

The record does not contain substantial evidence to support the Commissioner's decision that Vanbogart is not disabled. On the contrary, the record overwhelmingly establishes that by July 1, 2004, Vanbogart was not able to hold a competitive job because she would have missed work three days or more each month due to migraine headaches. The Commissioner's decision is **reversed**, and this case is **remanded** for an award of benefits from and after **July 1, 2004**.

**IT IS SO ORDERED.**

**DATED** this 13th of July, 2009.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT