# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| SANDRA D. VANBOGART,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | No. C08-3051-PAZ<br><br>**ORDER** |

_____

On October 14, 2009, the plaintiff filed a motion (Doc. No. 15) for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). The plaintiff seeks attorney's fees in the amount of $5,883.24. On October 27, 2009, the defendant filed a resistance to the application (Doc. No. 16), arguing the plaintiff's application is untimely under EAJA.

To recover attorney fees under EAJA, a party submit an application "within thirty days of final judgment in the action[.]" 28 U.S.C. § 2412(d)(1)(B). For purposes of this case, "'final judgment' means a judgment that is final and not appealable[.]" 28 U.S.C. § 2412(2)(G); *see Melkonyan v. Sullivan*, 501 U.S. 89, 96, 111 S. Ct. 2157, 2162, 115 L. Ed. 2d 78 (1991) Thus, absent an appeal, the thirty-day period begins to run after the time to appeal has expired. In a case involving the United States or its officers or agencies, the parties have sixty days from entry of judgment to file an appeal. Fed. R. App. P. 4(a)(1)(B).

Judgment was entered in this case on July 13, 2009. Doc. No. 14. Therefore, the last day to file a notice of appeal was September 11, 2009. Vanbogart had thirty days from that date to file her application for EAJA fees, so her application was due by October 11, 2009. However, October 11th was a Sunday, and Monday, October 12, 2009, was Columbus Day - a legal holiday on which the clerk's office was inaccessible. As a result,

Vanbogart's application for EAJA fees was due by Tuesday, October 13, 2009. *See* Fed. R. Civ. P. 6(a)(3)(A).

Vanbogart filed her application on October 14, 2009. She did not request an extension of the deadline to file her application, and there has been no showing that equitable tolling of the filing deadline is warranted. *See, e.g.*, *Townsend v. Soc. Security Admin.*, 486 F.3d 127, 131-32 (6th Cir. 2007). Therefore, her application was filed late, and the court reluctantly must deny the application for attorney's fees under EAJA.

The plaintiff's motion is **denied**.

**IT IS SO ORDERED.**

**DATED** this 17th day of November, 2009.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT